IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv249 |
| DONALD MUNIZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Curtis Jones, proceeding *pro se*, brings this civil rights lawsuit against Donald Muniz and Bobby Lumpkin.[1] This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual Background

In his Amended Complaint (doc. #19), Plaintiff alleges the Defendants failed to take measures to protect inmates from being exposed to COVID-19. He asserts it is well known that individuals incarcerated in prison are uniquely vulnerable to the dangers of communicable diseases, including COVID-19. Plaintiff states that despite having months to prepare for and adapt to the threat posed by COVID-19, Defendants failed to take reasonable steps to protect the inmate population. He contends that as a result of Defendants failing to take action, large numbers of inmates have tested positive for the disease.

Plaintiff states he does not seek damages. Instead, he requests injunctive and declaratory relief. (Doc. #19 at 36.)

---

[1] Plaintiff also named the Texas Department of Criminal Justice, Correctional Institutions Division as a defendant. However, the claim against that defendant has been dismissed. (Doc. #23.)

Discussion

Under Article III of the United States Constitution, this court's jurisdiction is limited to the adjudication of actual cases or controversies. For there to be an actual controversy, the plaintiff must have a legally cognizable interest, or a personal stake, in the outcome of the lawsuit. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The doctrine of mootness, which is embedded in the case or controversy requirement, requires that an actual, ongoing controversy exists at all stages of federal court proceedings. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). If an intervening circumstance deprives the plaintiff of the required personal stake in the outcome, the case can no longer proceed and must be dismissed as moot. *Symczyk*, 569 U.S. at 72.

Plaintiff has notified the court of his release from prison. His release from prison makes his request for declaratory and injunctive relief moot. *Morgan v. Patterson*, 772 F. App'x 117, 118 (5th Cir. 2019); *Coleman v. Lincoln Parish Det. Center*, 858 F.3d 307, 309 (5th Cir. 2017); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). As this is the relief sought by Plaintiff, this lawsuit should be dismissed without prejudice.

Recommendation

This civil rights lawsuit should be dismissed without prejudice as moot.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of fact, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved

party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 5th day of September, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE